UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -X

GABRIEL TORRES,

                Plaintiff,

                                      ORDER

   - against -

                                      CV 2004-3753 (JG)(MDG)

CANADA DRY BOTTLING COMPANY OF NEW
YORK, et al.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -X

     By letter dated September 15, 2005, Anthony Vaughn, Jr., counsel for plaintiff, moves to compel pro se defendant Cesar Altamirano to provide automatic disclosures and document requests. Mr. Altamirano has not filed any response.

     Plaintiff's request is granted and defendant Altamirano is directed provide automatic disclosures[1] and respond to the document requests by October 17, 2005. Although he is pro se, he is not excused of his obligations to provide discovery and observe court orders. In fact, the other parties and this Court have made an effort to explain what he is required to provide and plaintiff, pursuant to this Court's request, served a document request in a format to facilitate responses.

     As Mr. Vaughn correctly notes, the defendant Altamirano has specifically been directed by this Court to provide discovery:

---

[1] In providing automatic disclosures, defendant Altamirano is reminded that he must identify the individuals having information he may use to support his defenses and describe the documents containing information he may use to support his defense. He must provide the names, addresses and telephone numbers, if known, of persons identified and the location of documents described.

first, at conference on April 12, 2005 and then again on August 4, 2005. Plaintiff's counsel also has attempted by telephone and in writing to procure Mr. Altamirano's compliance with the requests. Mr. Altamirano's failure to comply has contributed to delay in completion of discovery in this action.

Mr. Altamirano is warned that he is required to comply with discovery requests and court orders to provide discovery. Failure to do so could result in sanctions pursuant to Rule 37 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 37(b)(2) and 37(d). Had plaintiff sought sanctions, this Court would have granted the request and imposed a monetary fine of $100 to pay the costs of plaintiff's counsel in making the application to compel. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643, 96 S.Ct. 2778, 2781 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989). He is warned that if he fails to comply by the new deadline set, he will be assessed this contemplated sanction of $100, plus additional and harsher sanctions. If his failure to comply continues, further sanctions could include striking of his answer and entry of a default judgment against him.

**SO ORDERED.**

Dated: Brooklyn, New York
October 3, 2005

/s/_____
MARILYN DOLAN GO
UNITED STATES MAGISTRATE JUDGE